**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

Johnny Malone,

    Plaintiff,

v.                                                    Civ. No. 2:21-cv-01015 MIS/KBM

New Mexico Corrections Department,
New Mexico Parole Board,
Management & Training Corporation,
Cisco McSorley, Alisha Tafoya Lucero,
Melanie Martinez, Kevin Nault, Brianne Bigej,
Rick Martinez, and Amanda Labrado,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment as to Count II Based on Qualified Immunity, filed on November 4, 2021. ECF No. 4. Plaintiff responded on November 18, 2021. ECF No. 9. Defendants replied on December 2, 2021. ECF No. 13. The Court, having considered the Motion, briefs, relevant law, and otherwise being fully advised, finds that the Motion is well taken and will be granted.

## BACKGROUND

Plaintiff brought this action in state court against ten Defendants, alleging violations of constitutional rights and tort claims in Counts I–VII. ECF No. 1-1. Defendants removed the action to federal court. ECF No. 1. Count II of Plaintiff's Complaint asserts that three Defendants—Cisco McSorley, Alisha Tafoya Lucero, and Melanie Martinez—violated his due process rights under the Fourteenth Amendment to

the United States Constitution and 42 U.S.C. § 1983. *See* ECF No. 1-1 at 18–20, ¶¶ 130–41. More specifically, Plaintiff alleges that by treating him as ineligible for periodic parole review hearings, these Defendants violated his constitutional rights. *Id.* On November 4, 2021, those three Defendants filed their Motion seeking dismissal of Count II on the basis of qualified immunity. ECF No. 4.

In the instant Motion, Defendants assert that the New Mexico Attorney General's interpretation of pertinent state statutes, § 31-21-5(B) and § 31-21-10.1 NMSA 1978, led to Plaintiff being treated as ineligible for periodic parole review hearings. ECF No. 4 at 11. They note that the "validity and constitutionality of the statutory interpretation of § 31-21-5(B) and § 31-21-10.1 of the New Mexico Probation and Parole Act, NMSA 1978 . . . currently is pending before the New Mexico Supreme Court." *Id.* at 4, ¶ 2; *see also id.* at 8, ¶ 18 (specifying that the issue is pending before the court in *State v. Thompson*, Case No. S-1-SC-38376). Defendants explain that the statutory interpretation predated their tenure in their various roles. *Id.* at 11.

Defendants assert that they have not "engage[d] in any individual, personal conduct regarding the Plaintiff's failure to obtain a [parole] hearing; . . . knew nothing about [Plaintiff's] specific parole situation or request for a hearing[;] and, as a general matter, were simply following a longstanding statutory interpretation advised by their lawyer, the [New Mexico] Attorney General." *Id.* at 14. As such, they insist that they are entitled to qualified immunity and summary judgment as to Count II. *Id.* Plaintiff, for his part, concedes that he "does not have adequate grounds to oppose the relief requested therein." ECF No. 9 at 1.

## DISCUSSION

A moving party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The doctrine of qualified immunity protects government officials from suit unless their actions violate a "clearly established" statutory or constitutional right. *City of Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019) (quoting *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018)). When a defendant asserts qualified immunity at the summary judgment stage, "the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right, and (2) the constitutional right was clearly established." *Kapinski v. City of Albuquerque*, 964 F.3d 900, 905 (10th Cir. 2020) (quoting *Koch v. City of Del City*, 660 F.3d 1228, 1238 (10th Cir. 2011)). If the plaintiff fails to satisfy either test, the court must grant qualified immunity. *McCowan*, 945 F.3d at 1282 (quoting *Estate of Ceballos v. Husk*, 919 F.3d 124, 1212–13 (10th Cir. 2019)). If the plaintiff succeeds, then—and only then—does the defendant bear the traditional burden of the movant for summary judgment. *Kapinski*, 964 F.3d at 905.

Here, Defendants McSorley, Lucero, and Martinez assert qualified immunity and move for summary judgment as to Count II. Thus, the burden shifts to Plaintiff to show that Defendants violated a clearly established constitutional right. *See id.* In his response, Plaintiff concedes that he cannot carry this burden. ECF No. 9 at 1. As such, the Court finds that Defendants McSorley, Lucero, and Martinez are entitled to qualified immunity and summary judgment as to Count II of Plaintiff's Complaint.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment as to Count II Based on Qualified Immunity, ECF No. 4, is **GRANTED**. Summary

judgment is hereby granted in favor of Defendants with respect to Count II of Plaintiff's Complaint.

    **IT IS SO ORDERED.**

*(signed)* Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE